**Tirath SINGH, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 05–72881.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 5, 2009.

Filed May 26, 2009.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Robert Bradford Jobe, Esquire, Law Offices of Robert B. Jobe, San Francisco, CA, for Petitioner.

John R. Cunningham, Esquire, DOJ–U.S. Department of Justice, Civil Division/Office of Immigration Litigation, OIL, DOJ–U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Elizabeth J. Stevens, Assistant Director, Linda S. Wendtland, Esquire, Benjamin Zeitlin, Trial, DOJ–U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: HAWKINS and TALLMAN, Circuit Judges, and SINGLETON,* Senior District Judge.

## MEMORANDUM **

Tirath Singh ("Singh") seeks review of the Board of Immigration Appeals's ("BIA") decision affirming, based on an adverse credibility determination, an Immigration Judge's ("IJ") denial of asylum, withholding of removal, and Convention Against Torture ("CAT") protection. Singh is a native and citizen of India and a practicing Sikh. He claims he was arrested on two occasions and tortured because of his actual or imputed political opinions.

The IJ denied Singh's requests for asylum, withholding of removal, and CAT protection, finding the "unreasonableness" and "implausibility" of Singh's story and "contradictions" in Singh's testimony gave rise to a "real reason to doubt the credibility of [Singh]." The IJ also stated that Singh failed to produce "independent, readily available, corroborative evidence" of his story. Singh appealed to the BIA, which denied Singh's appeal, affirming the IJ's adverse credibility finding as not "clearly erroneous" "[g]iven the inconsistencies and implausibilities in the record."[1]

---

* The Honorable James K. Singleton, United States District Judge for the District of Alaska, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1. The IJ's alternative grounds for denying relief—that Singh "could, if necessary, relocate

An IJ is required to give an applicant a reasonable opportunity to explain any discrepancy before making an adverse credibility ruling. *See Guo v. Ashcroft,* 361 F.3d 1194, 1200 (9th Cir.2004). Here, we grant review because the IJ failed to give Singh an opportunity to explain at least some of the factual issues the IJ identified as the basis for his decision and failed to consider or discuss some of the explanations that Singh did offer.

The IJ stated that he found Singh's two arrests implausible because Singh "had not participated in any political activity" and because Singh "failed to provide ... any explanation for why ... police would have been interested in him." The IJ failed to discuss Singh's testimony regarding his father's support for an independent Khalistan, his desire to join his father's movement, and his active participation in pro-Khalistan public events. Likewise, Singh's testimony that "[his father] was not guilty of anything and nor was [he]," implies only that Singh felt his arrest was not justified, not, as the IJ appeared to assume, that Singh denied holding pro-Khalistan political beliefs or was being targeted by the police for political reasons.

The IJ's attempt to address Singh's explanations why the police arrested him, but not his politically-active father, his mother and sisters, or anyone else in the village, was based on a mischaracterization of Singh's testimony. Singh indicated only that he thought he "was the only one that was arrested" in his village on one particular day, not that the police never arrested anyone else. The IJ's conclusion also ignored several possible explanations suggested by Singh's testimony, including that the police arrested Singh because they *imputed* political beliefs to him based on his

father's political activities, they focused their arrests after the assassination attempt on "younger boys," or they wished to teach Singh's father a "lesson" by arresting and beating Singh and adding his name to a "list."

Relief based on imputed political opinion is appropriate even if the persecutor "falsely attributes an opinion to the victim, and then persecutes the victim because of that mistaken belief." *Canas–Segovia v. INS,* 970 F.2d 599, 602 (9th Cir.1992). Persecution of family members can show persecution based on imputed political beliefs. *See Sagaydak v. Gonzales,* 405 F.3d 1035, 1042–45 (9th Cir.2005) (finding persecution based on imputed political opinion when petitioner was harmed in retaliation for her husband's political acts); *Ramirez Rivas v. INS,* 899 F.2d 864, 867–72 (9th Cir.1990) (finding persecution based on imputed political opinion when petitioner was harmed because of her connection to politically-active family members).

The IJ's speculation that the police "should have" also arrested others cannot support an adverse credibility finding. *See Kumar v. Gonzales,* 444 F.3d 1043, 1053 (9th Cir.2006) (rejecting an IJ's finding that petitioner's story was "implausible" because "[t]he IJ's opinion, unsupported by any evidence as to what local police in Jammu and Kashmir might or might not do in their efforts to find a suspected criminal is based upon speculation and conjecture"); *Ge v. Ashcroft,* 367 F.3d 1121, 1124–25 (9th Cir.2004) (discussing "impermissible speculation" about what "authorities would or would not do"); *Lopez–Reyes v. INS,* 79 F.3d 908, 912 (9th Cir.1996) ("conjecture is not a substitute for substantial evidence"). Whether police

reasonably to another part of India" and that asylum was not warranted as a matter of discretion—were not adopted by the BIA and

therefore are not before us. *Abebe v. Gonzales,* 432 F.3d 1037, 1040 (9th Cir.2005).

"should have" arrested multiple people in this particular situation is immaterial to Singh's credibility.

Although the IJ correctly noted that Singh changed his testimony regarding whether his father was at home during Singh's second arrest, the hearing transcript suggests that Singh himself initiated this correction, testifying "[h]e's pretty old, and he wasn't there. No, he was there, and he said, why are you taking him away." The IJ failed to articulate how this inconsistency in the record about Singh's father's presence related to Singh's "alleged fear of persecution, [went] to the heart of the asylum claim, or reveal[ed] anything about [Singh's] fear for his safety." *Mendoza Manimbao v. Ashcroft*, 329 F.3d 655, 660 (9th Cir.2003). It therefore may be insufficient to support an adverse credibility finding. *See id.* Even if the IJ believed that this change *did* go to the heart of Singh's claim, he had a duty to inquire about the issue and evaluate the credibility of any explanation Singh might then offer.

The IJ also failed to consider Singh's explanation of why renewing his driver's license was consistent with his testimony that he "went into hiding" in April 1999. Singh explained that while he was worried about going to his village, he needed his driver's license for work and felt he could go to the District Transportation Office ("DTO") in Jalandhar, India because "it has no connection with the police." The IJ's contention that it makes "little sense" why Singh would fear his home, where both arrests took place, but not the DTO, failed to consider this explanation and is "impermissible conjecture" that cannot support an adverse credibility finding. *Abdulrahman v. Ashcroft*, 330 F.3d 587, 598 (3d Cir.2003) (finding "impermissible conjecture" when an IJ "expressed her doubt that someone in hiding from the government could so easily obtain a document from the government").

Singh provided multiple sources of corroborating evidence: his village headman's affidavit confirming the dates of Singh's two arrests, his doctor's letter indicating that Singh was seriously injured after both arrests, and country condition reports showing that Indian police capture and torture pro-Khalistan activists. Although some of this corroborating evidence was not as detailed as would have been ideal, that alone is an insufficient reason to reject Singh's claim.

The IJ's stated reasons for rejecting corroborating evidence presented by Singh—including an affidavit from his village headman confirming the dates of Singh's two arrests and a letter from his doctor indicating that Singh was seriously injured after both arrests—were flawed and do not constitute substantial evidence to support an adverse credibility finding. Singh's testimony that he had a broken leg was hardly inconsistent with his treating physician's letter, which did not specifically use the phrase "broken leg," but *did* state that Singh was "unable to walk on his feet and legs," symptoms certainly consistent with such an injury. "[T]he mere omission of details is insufficient to uphold an adverse credibility finding." *Bandari v. INS*, 227 F.3d 1160, 1167 (9th Cir.2000); *see also Singh v. Ashcroft*, 301 F.3d 1109, 1112 (9th Cir.2002) (rejecting an adverse credibility finding where petitioner's testimony mentioned arm injuries, but physician's letter did not). The letter from Singh's village headman may have been similarly incomplete, but it too was not "inconsistent" with Singh's own account.

For these reasons, we grant review and remand to the BIA, so that it may consider Singh's requests for asylum, withholding of removal, and CAT protection anew. Because Singh was not asked about inconsis-

tencies and because the IJ did not address Singh's explanation of perceived inconsistencies, we remand on an open record to give the agency the opportunity to evaluate Singh's credibility. *See Soto–Olarte v. Holder,* 555 F.3d 1089, 1093 (9th Cir.2009); *see also Guo v. Ashcroft,* 361 F.3d 1194, 1203–04 (9th Cir.2004).

**PETITION GRANTED and RE-MANDED.**

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.